Anderson, J.,
delivered the opinion of the court.
The appellee proceeded by bill in equity to perpetually injoin the appellant’s execution, and subsequently by motion in the court of law to quash it pending the injunction. The defendant, in the proceeding at law, moved the court to dismiss the motion, upon the ground, that the plaintiff had elected to proceed in equity in respect of the same matter, which was still pending, and that the court of equity had possession of the cause, and had full power to do justice; but the court refused to dismiss the motion, and gave judgment for the plaintiff for costs, and to quash the execution, and the case is brought here upon a writ of error and supersedeas to said judgment.
The appellee subsequently prosecuted his suit in equity to. a decree perpetuating his injunction, and giving him his costs expended in the prosecution of his suit in equity. From that decree the defendants appealed to this court. Without deciding now whether the court of law erred in refusing to dismiss the plaintiff’s motion upon the grounds set out in the defendant’s bill of exceptions, the court is of opinion, for reasons which will hereafter appear, that the judgment of the court of law quashing the execution is erroneous, and must be reversed.
In the case of appeal from the decree, perpetuating the injunction to the appellant’s execution, the court *444 is of opinion that it does satisfactorily appear from the evidence in the record, that a previous execution upon same judgment was sued out by the plaintiffs, which came to the hands of Jos. Payne on the 4th of J October 1860, who was then deputy for John Sclater, sheriff of Pluvanna county, and that the same was returnable on the first Monday in December next following; and that said execution was not returned, but remained in the hands of the said Jos. Payne, deputy as aforesaid, who, in January following, qualified as sheriff of said county. And that on the 3d of May next following, the appellee made payment to the said Joseph Payne, in part of said execution, $176.40-| cents, as is shown by his receipt, which is signed “Jos. Payne, she’ff.”
The appellant contends that the appellee is not entitled to a credit on the execution for said payment, and that he is still liable to the plaintiffs in the'execution for the whole amount thereof, the payment not having been made to an officer authorized to collect the same. That the payment was made on that execution, and was so intended by both payer and payee is undoubtedly true.
The execution having been put in the hands of Jos. Payne, in his official character as deputy sheriff for collection, and he having retained it in his possession after the return day had passed, whilst he continued to be deputy sheriff, and before he became sheriff of the county, the presumption is, that it remained in his possession after he became sheriff of the county as deputy sheriff'. His being appointed ■sheriff of the county could not change his possession of the execution which he then held as deputy sheriff.
It is also presumable that he received the payment, which was afterwards made to him'upon it in the char *445 acter in which he held the execution. And after so great a lapse of time, when neither the debtor nor the sheriff can speak from memory as to whether the cution had been levied or not, the deputy sheriff’s receiving, implies that he considered himself authorized to receive it, which he only could have been in the character which he held it as deputy sheriff, and then only upon the ground that he made a levy before the return day of the execution. That would have authorized him to receive the payment at the time it was made; and this taken in connection with the fact, that the execution was one upon which the sheriff was forbidden to take security, and that the defendant had ample property to satisfy it, entirely accessible to the sheriff, and often in his view, upon which he could have made a levy, in the absence of any positive testimony to the contrary, leads almost irresistibly to the conclusion that a levy was made. It is true, the sheriff testifies that he received payment in his character of sheriff; but evidently he does not speak from personal recollection, for he had almost in the same breath said he had no recollection of the payment at all. There is an affix of “she’ff,” as we have seen, to his signature to the receipt. Does that show that the money was paid to him as the sheriff of the county, as the letters S. D. C. annexed to his signature might import, although, as we have seen, the execution was not in his hands in that character, and although he had no authority to receive payment in that character? Or does it merely indicate that it was received by him, not in his personal character, but in his official character as sheriff?
And may it not be applied as well to his official character as deputy sheriff, in which character he had possession of the execution, as to his official character as high sheriff, in which character he did not hold the *446 execution: For he was sheriff officially in both characters: in the one as deputy, and in the other as high sheriff, or sheriff of Fluvanna county—S. F. O. • If he received payment officially, as deputy sheriff, in which character he held the execution, and not in his personal character, that would be indicated by the affix of “ she’if,” as unmistakeably as the affix of S. F. C. might have shown that he received it as sheriff of Fluvanna county.. Under all the circumstances of this case, and after so great a lapse of time, it seems to the court, it would be too rigorous to hold that the appellee was not entitled to receive a credit for the money, which he unquestionably paid on the execution to the officer, in whose hands it had been placed for collection, because he annexed those letters to his signature to the receipt.
But the appellee has failed to show any further payment on the execution. The court is therefore of opinion to reverse the decree of the circuit court, perpetuating the injunction as to the whole amount of the execution, and .that the following order be made:
The court being of opinion, for reasons stated in writing and filed with the record, that the judgment of the court of law, quashing the execution and giving the plaintiff’ his costs in said motion is erroneous; it is considered that the same be reversed and annulled, and the said motion be dismissed, and that the defendants to said motion recover their costs therein in the court below; and it is further considered, that the plaintiffs in error recover their costs expended in the prosecution of their writ of error and supersedeas here.
And the court being also of opinion that the decree in the injunction case, perpetuating the injunction to *447 the entire execution, and decreeing costs to the plaintiff therein, is erroneous, it is ordered that the same be reversed and annulled, and that the appellants recover their costs expended in the prosecution of their appeal here. And the court proceeding to render such decree as ought to have been rendered by the circuit court, it is adjudged, ordered and decreed, that the injunction awarded in this case be dissolved, except as to one hundred and seventy-six dollars and forty and one-half cents, paid on the 3d day of May 1861, and be perpetuated as to so much thereof; and that the defendants below pay to the plaintiff his costs expended in the prosecution of his said suit in equity in the circuit court.
Decree reversed.